UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BOBBY ARRINGTON,

   Plaintiff,

      v.

TM ASSOCIATES MANAGEMENT INC.,

   Defendant.

Civil Action No. 25-1645 (JEB)

### MEMORANDUM OPINION

*Pro se* Plaintiff Bobby K. Arrington, Jr. brought this action in Superior Court against his property management company, TM Associates Management Inc., for defamation. Having removed the matter here on diversity grounds, Defendant now moves to dismiss for statute-of-limitations reasons. Plaintiff offers no real opposition other than a Motion to Remand the matter back to Superior Court. As TM Associates is correct on the law, the Court will grant its Motion and deny Plaintiff's.

**I.   Background**

Arrington's initial three-paragraph Complaint in Superior Court, filed on May 29, 2024, listed a number of statutes that he claimed Defendant had violated, including the Fair Housing Act, the Americans with Disabilities Act, and the Gramm-Leach-Bliley Act. See ECF No. 1-6 (Compl.). The only factual support he offered was that "Defendant tried multiple times to trick me out of my lease in order to evict." Id. at 2. He then shifted direction in an Amended Complaint, filed on April 28, 2025, where he narrowed his suit to a defamation claim related to eviction, stating: "TM Associates and James Jackson III made false statements regarding my rental payment to third parties at a tenant meeting April 2023. These defamatory statements

1

stem from misapplication by Defendants of my rental payments, negligent maintenance of tenant ledger and retaliatory conduct regarding a parking ticket." ECF No. 1-4 (Am. Compl.) at 1. He sought over $75,000 in damages.

On May 22, Defendant removed the matter here based on the diversity of the parties, see ECF No. 1 (Notice of Removal), and it now moves to dismiss. See ECF No. 6-1 (MTD).

## II.     Legal Standard

In evaluating Defendant's Motion to Dismiss, the Court must "treat the complaint's factual allegations as true . . . and must grant [P]laintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)); see also Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1250 (D.C. Cir. 2005). The pleading rules are "not meant to impose a great burden upon a plaintiff." See Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 347 (2005).

Rule 12(b)(6) provides for the dismissal of an action where a complaint fails "to state a claim upon which relief can be granted." Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The Court need not accept as true, then, "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the Complaint. Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). For a plaintiff to survive a 12(b)(6) motion, the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

**III.   Analysis**

In moving to dismiss, TM Associates points out that the Amended Complaint was filed two years after the allegedly defamatory statements were made. See MTD at 2. Defendant is correct that the District of Columbia (whose law we apply in this diversity action) has a one-year statute of limitations for defamation. See D.C. Code § 12-301[(a)](4). Even if the Court measured the applicable time window as closing on the date of the filing of the initial Complaint, as opposed to the Amended Complaint, Arrington would still be out of luck because he filed in May 2024, thirteen months after the defamatory statements were allegedly made.

He offers no response to this legal point, other than to seek remand to Superior Court on certain new claims, including violations of the D.C. Consumer Protection Procedures Act. See ECF Nos. 9, 14 (Motions to Remand). Yet he cannot seek to amend his Complaint again by adding different counts via such a Motion. If he wishes to assert new counts, including ones under the CPPA, he may file a new action in Superior Court, subject to the procedural bars of collateral estoppel and *res judicata*.

**IV.   Conclusion**

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss. A separate Order consistent with this Opinion will issue this day.

/s/ James E. Boasberg
JAMES E. BOASBERG
Chief Judge

Date: July 24, 2025